RICHARD E. VOLLERTSEN
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiffs
420 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
rev@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETE AHVAKANA AND LILLY AHVAKANA, individually and as parents of J.A., a minor<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | Case No. |

## COMPLAINT

Plaintiffs, by and through their counsel, Atkinson Conway Gagnon, hereby claim and allege as follows:

1. Plaintiffs Pete Ahvakana, Lilly Ahvakana, and J.A. are residents of the State of Alaska.

2. The acts or omissions upon which this cause is based occurred in Barrow, Alaska and Anchorage, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b). Venue in this District is authorized by 28 U.S.C. § 1402(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the U.S. Department of Health and Human Services on July 10, 2012.

5. Defendant has not rendered a final administrative decision and more than six months have elapsed since Plaintiffs submitted their administrative claims.

6. The Alaska Native Medical Center (hereinafter "ANMC") is operated by the Alaska Native Tribal Health Consortium in Anchorage, Alaska. ANMC is a compacting entity of the Indian Health Services (hereinafter "IHS"). Healthcare providers at ANMC are employees of the United States for purposes of liability under the FTCA if they are employees of ANMC, acting within the scope of their employment and compact with the IHS at the time of the act which gives rise to the complaint.

7. The Samuel Simmonds Memorial Hospital (hereinafter "SSMH") is located in Barrow Alaska and is a compacting entity of the IHS. Healthcare providers at SSMH are employees of the United States for purposes of liability under the FTCA if they are employees of SSMH, acting within the scope of their employment and are carrying out the compact with IHS at the time of the act which gives rise to the complaint.

8. At all times pertinent to this complaint, the employees of ANMC and SSMH who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out ANMC's and SSMH's compacts with the IHS.

9. J.A. is the biological son of Pete and Lilly Ahvakana. He was born on August 5, 2010.

10. During his life, J.A. has resided in Barrow, Alaska with his father and mother. As an Alaska Native child and enrolled tribal member, J.A. was entitled to receive medical care from the IHS and entities which compact with the IHS, including ANMC and SSMH.

11. Sucrase/isomaltase malabsorption disorder and failure to thrive are serious medical conditions, which if left untreated, can cause severe injuries and complications. J.A. has suffered severe injuries as a result of the failure to properly diagnose and treat his medical conditions.

## COUNT I

12. The preceding paragraphs of this complaint are hereby incorporated by reference as if herein stated.

13. Medical personnel employed by ANMC and SSMH breached the applicable standards of care and were negligent in providing pediatric and emergency medical care to JA. The negligence of these care providers includes, but is not limited to:

   a. The failure to timely diagnose and treat J.A.'s malabsorption disorder and failure to thrive;

   b. The failure to recognize J.A.'s high-risk conditions;

   c. The failure to timely transport and medevac J.A.;

  d. The failure to evaluate, diagnose and treat his concomitant illnesses;

  e. The failure to provide continuous and coordinated care;

  f. The failure to provide a medical home or otherwise assign an accountable physician or care team;

  g. The failure to properly triage and medevac a high-risk infant in need of emergency care;

  h. The failure to provide appropriate emergency treatment and cardiopulmonary support and resuscitation; and

  i. The failure to counsel J.A.'s parents properly.

14. If J.A.'s malabsorption disorder and failure to thrive had been properly diagnosed and treated, the injuries he suffered could have been prevented or greatly reduced.

15. As a direct and proximate result of the negligence of the agents of the Defendant as described above, Plaintiff J.A. has suffered past and future damages including, but not limited to:

  a. Personal injury including, but not limited to:

   i. Microcephaly;

   ii. Cognitive deficits;

   iii. Speech and language disorders;

   iv. Developmental and growth delays;

        v.        Swallowing and feeding disorders requiring gastrostomy tube feeding;

        vi.       Asthma, reactive airway disease, and lung compromise;

        vii.      Recurrent illnesses and hospitalizations involving dehydration, immune system compromise, systemic infections, including bacteremia and fungemia, and extended PICU care with prolonged intubation.

b.    Great physical pain;

c.    Agony and emotional suffering;

d.    Loss of enjoyment of life;

e.    Loss of love and companionship;

f.    Medical, rehabilitative, and lifecare expenses;

g.    Wage losses;

h.    Loss of insurability; and

i.    Other economic and noneconomic losses, all in excess of $100,000, the exact amount to be determined at trial.

## COUNT II

16.    The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

17. As a direct and proximate result of the negligence of the Defendant described above, Plaintiffs Pete and Lilly Ahvakana have suffered past and future damages, including, but not limited to:

    a. Loss of consortium;

    b. Emotional distress (NIED)

    c. Economic losses (wage losses, loss of insurability, increased life, educational and medical care expenses); and

    d. Other economic and noneconomic losses in excess of $100,000, the exact amount to be determined at trial.

## COUNT III

18. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

19. Medical personnel employed by ANMC and SSMH engaged in reckless misconduct, and acted with reckless disregard for the rights and safety of Pete and Lilly Ahvakana and their son J.A. J.A.'s medical conditions patently required timely and continued efforts to diagnose and treat his medical conditions. While knowing that J.A. was a pediatric patient at high risk, his care providers knowingly and recklessly failed to provide proper and coordinated care such that he was denied proper transportation, emergency care, and timely diagnosis and treatment for his medical conditions.

20. The risk of injuries and losses sustained by Plaintiffs were known, or otherwise foreseeable, to J.A.'s care providers when he was treated, and their reckless

disregard for the risk of such injuries was the proximate cause of the damages Plaintiffs' have suffered.

21. Pursuant to AS 09.55.549(f), the limit imposed on noneconomic damages within that statute does not apply because J.A.'s care providers engaged in reckless misconduct and acted with reckless disregard for the rights and safety of Plaintiffs.

WHEREFORE, the Plaintiffs, and each of them pray for relief as follows:

a. An amount in excess of $100,000, the exact amount to the determined at trial.

b. For costs and such other and further relief as this Court deems just and equitable.

DATED this 15th day of January, 2013.

ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiffs

By_____s/ Richard E. Vollertsen_____
420 L Street, Suite 500
Anchorage, AK 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
E-mail: rev@acglaw.com
ABA No. 8111135