IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETE AHVAKANA and LILLY AHVAKANA, Individually and as parents of J.A., a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:13-cv-00010-JMK<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court is Defendant United States' Motion to Dismiss for Lack of Jurisdiction at Docket 72. The motion has been fully briefed,[1] and the Court held oral argument on September 17, 2021.[2] For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Plaintiffs Pete and Lilly Ahvakana bring this action on behalf of their minor son, J.A., and themselves under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. The Ahvakanas allege that medical personnel at the Alaska Native Medical Center in Anchorage, Alaska, and at Samuel Simmonds Memorial Hospital in Bethel, Alaska,

---

[1] *See* Dockets 121; 132.
[2] Docket 136.

negligently failed to diagnose and treat J.A., causing lifelong disability and consequent emotional injury.[3]

The FTCA requires that claimants first exhaust their administrative remedies before filing an action in federal court.[4] For the purposes of exhaustion, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim."[5] Here, Plaintiffs were required to submit their initial claims to Health and Human Services ("HHS") for investigation and either (1) receive a final denial or (2) wait for six months to pass before filing an action in federal court. The Ninth Circuit has held that this requirement is jurisdictional.[6]

The Ahvakanas filed the present case on January 15, 2013.[7] In their Complaint, Plaintiffs stated that more than six months had elapsed since receipt of their claims at HHS, satisfying the prerequisite for federal court jurisdiction:

> 4. Notice of this claim as required by 28 USC 2675 was received by the U.S. Department of Health and Human Services on July 10, 2012.
>
> 5. Defendant has not rendered a final administrative decision and more than six months have elapsed since Plaintiffs submitted their administrative claims.[8]

---

[3] Docket 1 at 3–4. Healthcare providers at these hospitals are employees of the United States for purposes of liability under the FTCA. *See* Docket 7 at 2.
[4] 28 U.S.C. § 2675(a).
[5] *Id.*; *see also* 28 C.F.R. § 14.2(a) (A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain. . . .").
[6] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (describing the FTCA's exhaustion requirement as a "clear statutory command"). However, some Circuits do not treat § 2675(a) as a jurisdictional prerequisite. *See, e.g.*, *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786–87 (7th Cir. 2014).
[7] Docket 1.
[8] *Id.* at 2.

In its Answer, the Government responded that:

> 4. Defendant admits that the U.S. Department of Health and Human Services received administrative claims from the plaintiffs on July l6, 2012.
>
> 5. Defendant admits that prior to the plaintiffs filing the current Complaint, a final administrative decision has not been issued regarding the administrative claims and more than six months had elapsed from the date of filing the claims.[9]

Neither party followed up or otherwise addressed the conflicting dates regarding the claim receipt. Based on the admitted statement in the pleadings that six months had expired, both parties proceeded with the understanding that the Court held subject matter jurisdiction. The parties engaged in complex litigation over the course of seven years, and the Government was discussing a possible settlement.[10]

Now, nearly a decade later, the Government argues that the Ahvakanas filed their Complaint two days before the expiration of the six-month window, thus depriving this Court of jurisdiction.[11] The parties appear to agree that Plaintiffs sent the HHS claim form via Three-Day Certified Mail on July 10, 2012.[12] Plaintiffs argue that HHS received its claims three days later, on July 13, 2012, which would satisfy the six-month requirement.[13] The Government argues that HHS received the claims six days after postmark, on Monday, July 16, 2012—two days shy of the six-month requirement.[14]

---

[9] Docket 7 at 2.
[10] *See* Docket 72 at 2.
[11] *Id.*
[12] *See* Docket 132 at 10 (citing Docket 105-7).
[13] Plaintiffs acknowledge that the date of receipt included in their Complaint, July 10, 2012, was incorrect. Both parties agree that this is the date the claims were mailed, not when HHS received them. *See* Docket 132 at 10 (citing Docket 105-7).
[14] Docket 72 at 6.

*Ahvakana v. United States*  Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss  Page 3
Case 3:13-cv-00010-JMK   Document 139   Filed 02/17/22   Page 3 of 17

The parties engaged in substantive litigation regarding which date HHS received the claims. Much of the evidence has been lost or destroyed in the seven years between when the claims were mailed and when the Government filed its present motion, presumably because, until this point, the parties agreed that six months had elapsed.[15] In support of its position, the Government provided the HHS claims, which show "received by" stamps dating July 16, 2012, and a letter mailed to the Ahvakanas stating that HHS received the claims on July 16, 2012.[16] In support of their position, the Ahvakanas provide statistics on Certified Mail and evidence of the mail-room processes of HHS, which they use to suggest the agency may have received the form on Friday July 10, but failed to process it until Monday, July 16.[17]

The Ahvakanas argue that, regardless of the factual dispute, the Government is bound to its admission in the pleadings that six months had elapsed since the claims were received by HHS and the Complaint was filed. In the alternate, they ask the Court to craft an equitable remedy that would allow their claim to proceed.[18]

## II. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may challenge subject matter jurisdiction in one of two ways:

---

[15] *See* Docket 116 (Order denying additional discovery related to receipt of the HHS claims because the Government maintains such documentation did not exist and Plaintiffs have failed to demonstrate it does exist); *see also* Docket 121 at 28.
[16] Dockets 72-1; 72-2; 72-3; 72-4.
[17] Dockets 121-4; 121-5; 121-6; 121-7; 121-8; 121-9; 121-10.
[18] If this Court were to grant the Government's Motion to Dismiss, Plaintiffs would be prevented from refiling their claim, given the two-year statute of limitations for FTCA claims. *See* 28 U.S.C. § 2401(b).

> A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. . . .
>
> A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with "competent proof[]" under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. . . . [I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself.[19]

## III. DISCUSSION

This case involves a seemingly complex factual dispute with a straightforward resolution. Seven years into litigation and after the statute of limitations has run, the Government challenges the date that HHS received Plaintiffs' FTCA claim forms. However, the Government's pleadings admit that six months had elapsed between when HHS received the claims and when Plaintiffs filed their Complaint in the district court.

The Court finds that the Government made a binding judicial admission that it has not sufficiently withdrawn. Further, the Court declines to exercise its discretion to reject that admission. Judicial admissions serve to withdraw certain facts from future contention. Thus, while the Government is not estopped from challenging subject matter jurisdiction, the formal admission prevents it from later denying its own factual statement

---

[19] *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (internal quotations and citations omitted).

that six months had elapsed between the date HHS received the claims and when the Complaint was filed.

A. **The Government Made a Judicial Admission that More than Six Months had Elapsed Between Plaintiffs Submitting Their Administrative Claims and Filing the Present Complaint**

The Government first argues that its statement does not constitute a judicial admission. This is incorrect. Factual assertions in pleadings, unless amended, are considered judicial admissions that are conclusively binding on the party who made them.[20] "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."[21] "When an admission or agreement concerning a factual issue is made . . . that issue stands as fully determined as if it had been adjudicated after the taking of testimony at trial[.]"[22] The doctrine of judicial admission is equally true for jurisdictional facts.[23] "While consent of parties cannot give the courts of the United States jurisdiction, . . . the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."[24]

Here, the Government made a factual assertion in its Answer that "prior to the plaintiffs filing the current Complaint . . . more than six months had elapsed from the

---

[20] *Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988).
[21] *Id.*
[22] *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 977 (9th Cir. 1978) (internal quotations and citations omitted).
[23] *See De La Maza v. United States*, 215 F.2d 138, 140 (9th Cir. 1954) ("(I)t is well settled that one may stipulate to facts from which jurisdiction may be inferred."); *see also The Confiscation Cases*, 87 U.S. 92, 108 (1873) ("[W]hile it is true a party cannot, by consent, confer jurisdiction where none would exist without it, it is equally true that when jurisdiction depends upon the existence of a fact, its existence may be shown as well by the confession of a party. . . .").
[24] *Verzosa,* 589 F.2d at 977 (internal quotations and citations omitted).

*Ahvakana v. United States*　　　　　　　　　　　　　　　　　　　　Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　Page 6
Case 3:13-cv-00010-JMK   Document 139   Filed 02/17/22   Page 6 of 17

date of filing the [HHS] claims."[25] This is a clear and unequivocal factual statement; there is no room for a different interpretation of the Government's words.[26] As such, it has "the force of a finding" to which the Government is bound.[27]

The Government now believes its statement to be incorrect and, because of this, argues that it cannot be a binding judicial admission. This argument misunderstands the function of judicial admissions. Unlike ordinary evidence, an admission serves to set aside a fact as uncontested. The admitting party cannot later controvert it with new evidence or argument, and the opposing party is entitled to rely on its conclusive and binding effect.[28] An admission of fact "is not merely another layer of evidence, upon which the district court can superimpose its own assessment of weight and validity. It is, to the contrary, an unassailable statement of fact that narrows the triable issues in the case."[29] As such, it "cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible."[30] Because the Government clearly and unequivocally admitted that six months had elapsed, that fact is insulated from attack. Therefore, the Court will not reopen

---

[25] Docket 7 at 2.
[26] *Scarff v. Intuit, Inc.*, 318 F. App'x 483, 487 (9th Cir. 2008) (finding no judicial admission where party's language was ambiguous). The Government appears to believe that to be an admission, their Answer must either admit (1) that HHS received the claims specifically on July 13, 2012, or (2) that the Complaint was filed after January 16, 2013. *See* Docket 132 at 9. But Plaintiffs' briefing clearly identifies the Answer's specific admission that "six months had elapsed from the date of filing the claims." The Government is not required to articulate specific dates for this to be a factual statement.
[27] *Verzosa*, 589 F.2d at 977.
[28] *See id.*; *see also Armour v. Knowles*, 512 F.3d 147, 154 (5th Cir. 2007).
[29] *Airco Indus. Gases, Inc. v. Teamsters Health and Welfare Pension Fund*, 850 F.2d 1028, 1037 (3d Cir. 1988).
[30] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

a factual inquiry into the date Plaintiffs' claims were received from HHS for the purpose of deciding whether six months had elapsed, and it will not consider the Government's newly presented evidence or arguments that its previous admission is now incorrect.[31] The reason that judicial admissions are binding is especially apparent here, where, after seven years, much of the evidence that Plaintiffs might have relied upon has been lost or destroyed because Plaintiffs understandably treated the Government's admission as conclusive.[32] If a party was released from its binding admission merely because it later disputed the admission, the purpose of the doctrine would be lost.

The Government next argues that it did not make a judicial admission because its six-month statement was "plainly a mistake," whereas a binding judicial

---

[31] *See Saghian v. Shemuelian*, 835 F. App'x 351, 352–53 (10th Cir. 2020) (refusing to consider post-pleading evidence that conflicted with admitted jurisdictional fact in the pleadings because the admission was binding); *Sheng Int'l Co. v. Prince Americas, LLC*, No. 8:20-CV-124, 2021 WL 4943686, at *5–6 (D. Neb. Oct. 22, 2021) (admission in complaint was binding even though it was seemingly contrary to evidence); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (refusing to consider evidence that party provided in order to contradict its judicial admission); *Underberg v. United States*, 362 F. Supp. 2d 1278, 1283 (D.N.M. 2005) (noting that admissions cannot be overcome with contradictory affidavit or other new evidence at summary judgment stage); *Bright v. QSP, Inc.*, 20 F.3d 1300, 1305 (4th Cir. 1994) ("It is well-established that, even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties") (internal citation omitted); *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (admissions in answer were binding on summary judgment, even though admitting party produced contrary evidence); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) ("Irrespective of which document contains the more accurate account, the [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [new evidence]."); *Ferguson v. Neighborhood Hous. Servs., Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (party's admission of jurisdictional fact eliminated need for evidence of that fact, and precluded admitting party from later arguing against that fact); *Giles v. St. Paul Fire & Marine Ins. Co.*, 405 F. Supp. 719, 725 n.2 (N.D. Ala. 1975) (holding that defendant's admission in its answer precluded defendant from subsequently arguing that its admission was incorrect); *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941) (holding that admission in answer was equivalent to a waiver of further hearing as to such facts); *Jones v. Morehead*, 68 U.S. 155, 164–65 (1863) (statements admitted by the defendants in answer were binding despite the fact that no evidence supported the admission, and the Court itself did not believe the statements to be true).

[32] *See Pittsburgh, C. & St. L.R. Co. v. Ramsey*, 89 U.S. 322, 327 (1874) (Supreme Court accepted a judicial admission to establish jurisdictional facts when original evidence had been lost).

admission must be "deliberate, clear, and unequivocal."[33] The Government explains that because its Answer stated the HHS claims were received on July 16, 2012, the six-month statement cannot be a judicial admission because the Government cannot "judicially admit that two plus two equals five."[34]

The internal inconsistency of the Government's Answer does not release it from its admission that six months had elapsed. First, it was this statement—not the statement that the claims were received on July 16th—to which both parties stipulated. Plaintiffs have never agreed that the claims were received on July 16, 2012, and continue to argue vehemently against the assertion. The Government's argument would treat this disputed fact as somehow more binding than the stipulated fact. Second, the admission that six months had elapsed is more consistent with the parties' actions and subsequent filings. By engaging in litigation for over seven years, the Government continuously reaffirmed and acted upon its belief that six months had elapsed. Indeed, to the casual eye, the Answer's inconsistent statement or "obvious mistake" would appear to be the sentence that HHS received the claims on July 16th, since, up until this point, both parties' actions and filings have contradicted it. The inconsistency in the Government's Answer sheds doubt on its statement that HHS received the claims on July 16th, not its statement that six months had elapsed.

---

[33] *Scarff v. Intuit, Inc.*, 318 F. App'x 483, 487 (9th Cir. 2008) (citing to 32 C.J.S. EVIDENCE § 542 (2008)).

[34] Docket 132 at 9 n.3, 14–16. Throughout its brief, the Government misconstrues Plaintiffs' argument as asserting that it judicially admitted that HHS received the claims on July 13, 2012, or that the Complaint was received after January 16, 2013. *See supra*, note 26. To the extent that it does, the Court applies the Government's arguments instead to the judicial admission that six months had elapsed.

Further, the caselaw that the Government cites in support of its argument is inapposite. In *Wilda v. JLG Industries, Inc.*, a party attached the wrong file as an exhibit.[35] The Court did not consider the text of the incorrect file to be a judicial admission because it contradicted the clear statements in the party's answer, would have controverted the party's argument, and counsel had clearly uploaded the wrong document.[36] Similarly, in *In re Motors Liquidation Co.*, a party unintentionally cited to an out-of-date sales agreement instead of the current and correct version (which it had attached).[37] The party promptly realized it had copied the wrong language and filed a motion to amend.[38] While the incorrect language was formal and conclusive, the mistaken citation clearly was not "deliberate" because it was inconsistent with the party's position and briefing.[39] Last, in *Provident Energy Assocs. of Montana v. Bullington*, a party misread the Complaint and had intended to admit to a different statement than what they included in their answer.[40] Indeed, the admission contradicted multiple other statements in the answer and was "plainly contradictory" to the party's position.

In each of these cases, counsel made an unintentional, clerical error that was entirely inconsistent with the party's pleadings, actions, and argument. The present case is enormously different than uploading an incorrect document. Here, the Government intended to assert that six months had passed, as evidenced by its belief over seven years

---

[35] 470 F. Supp. 3d 770, 792 (N.D. Ill. 2020).
[36] *Id.*
[37] 957 F.3d 357, 361 (2d Cir. 2020).
[38] *Id.* at 358.
[39] *Id.* at 361.
[40] 77 Fed. App'x 427, 430–31 (9th Cir. 2003).

*Ahvakana v. United States*  Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss  Page 10
Case 3:13-cv-00010-JMK   Document 139   Filed 02/17/22   Page 10 of 17

that Plaintiffs exhausted their administrative remedies. Just because Defendant now believes this assertion to be incorrect does not make its statement any less "deliberate."

Because the Government made a clear, unequivocal, and deliberate statement that "prior to the plaintiffs filing the current Complaint . . . more than six months had elapsed from the date of filing the [HHS] claims," it made a binding judicial admission that removed the issue from dispute.

## B. The Court Declines to Treat the Government's Admission as Withdrawn

Judicial admissions are binding *unless amended*.[41] When a "party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight."[42] The Government asks the Court to find that it withdrew its admission that six months had elapsed.[43] It explains that

> the counsel for the United States did not conduct his own review, prior to filing the answer, of the applicable dates which could establish jurisdiction. [] When HHS denied Plaintiffs' claims on May 2, 2013, its letter to Plaintiffs erroneously stated that Plaintiffs had filed the complaint on March 20, 2013, even though that was likely the date Plaintiffs served the complaint on HHS.[44]

While the Government has provided an explanation for why it now believes six months had elapsed, it does not adequately explain why it waited seven years to conduct its own review of the dates or why, if the alleged error was so "plainly obvious," it required

---

[41] *Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988).
[42] *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995).
[43] Docket 132 at 8–9.
[44] *Id*. at 11.

*Ahvakana v. United States*　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　　　　Page 11
Case 3:13-cv-00010-JMK   Document 139   Filed 02/17/22   Page 11 of 17

an external review by the Torts Branch of the United States Department of Justice to discover it. This is not a case where new evidence was discovered, a mistake was quickly remedied, or new circumstances shed doubt on previously established facts. The Government has not cited any intervening circumstances or other justification for waiting seven years to withdraw its admission.

Plaintiffs relied on the Government's admission for nearly a decade. In that time, the statute of limitations for Plaintiffs' claim has run, and much of the evidence that Plaintiffs would have used to prove receipt of the HHS claims has been lost. While the Court certainly does not believe the Government has acted with improper motive, the explanation that it simply forgot to review the dates for seven years does not carry much weight.[45]

The caselaw on this issue is limited, but it appears to support the Court's conclusion. In *Sicor Limited v. Cetus Corp.*, the Ninth Circuit concluded that the plaintiff retracted its judicial admission by subsequently recharacterizing the statement in its opposition to the defendant's motion for summary judgment.[46] The statement had been ambiguous, and the party clarified its meaning such that it was consistent with the rest of

---

[45] *See Schwartz v. Adams Cty.*, No. CV 09-019-S-EJL-CWD, 2010 WL 2011582, at *4–5 (D. Idaho May 20, 2010) (admission was deemed retracted, in part, because the party had no reason to know that Plaintiffs would rely upon the admission, the party promptly moved to amend, the retraction would not change the theory of the case or prejudice Plaintiffs); *Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221 EMC, 2010 WL 114010, at *8–9 (N.D. Cal. Jan. 7, 2010) (granting leave to amend admission because defendant would not be unduly prejudiced and because defendant had not agreed to or relied on admission); *see also Greenbaum v. United States*, 360 F. Supp. 784, 786–87 (E.D. Pa. 1973) (the court deemed the Government to have admitted a jurisdictional fact, in part, because the Government failed to undertake minimal investigation which could have led it to challenge the fact earlier).

[46] *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 860 (9th Cir. 1995).

*Ahvakana v. United States* Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss Page 12
Case 3:13-cv-00010-JMK Document 139 Filed 02/17/22 Page 12 of 17

its case and led to a disposition on the merits.[47] Here, by contrast, the Government's statement was unambiguous and deliberate, Plaintiffs relied on the conclusiveness of that statement, and the Government's position now is plainly contradictory to the earlier admission.[48]

Although the Government's admission was in a pleading rather than one governed by Federal Rule of Civil Procedure 36, the Court finds the standard for withdrawing Rule 36 admissions to be instructive.[49] A party may be released from an admission made under Rule 36(b) if "[1] it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[50] The prejudice contemplated by the second prong "relates to the difficulty a party may face . . . because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[51] Here, allowing the Government to withdraw its admission does not promote the presentation of the merits because, assuming the Government's factual challenge was successful, Plaintiffs would be foreclosed from refiling their claim. As to the second prong, Plaintiffs are

---

[47] *Id.*
[48] *See also Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060, 1065–66 (D. Ariz. 1997) (refusing to withdraw an admission where there was no ambiguity in admission, the party had not moved to amend and waited a year to retract admission); *Xnergy v. Hess Microgen, LLC*, No. 06cv343 WQH (BLM), 2007 WL 2481534, at *8–9 (S.D. Cal. Aug. 29, 2007) (giving explanation due weight when it was consistent with its position throughout the litigation and clarified an admission).
[49] *See* Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendments, *reproduced at* 48 F.R.D. 487, 534 ("In form and substance a Rule 36 admission is comparable to an admission in pleadings . . .").
[50] Fed. R. Civ. P. 36(b).
[51] *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (internal quotations and citations omitted) (refusing to withdraw plaintiff's admission in FTCA case because the Government relied on the admissions and trial was scheduled to begin).

significantly prejudiced by withdrawal, because they are faced with the sudden need to obtain evidence after the issue had been settled seven years prior. Insomuch as judicial admissions serve to prevent surprise and administer justice, the Court does not find compelling the Government's explanation that it waited seven years to verify its own admission and then suddenly decide it was incorrect.[52]

C. **The Court Declines to Otherwise Reject the Government's Admission**

While judicial admissions are binding on the party who made them, the district court has discretion whether to accept or reject the admission.[53] The Government urges the Court to reject its admission for two reasons. First, Plaintiffs were "equally positioned" to know whether six months had elapsed, and, second, accepting the admission would allow the United States to stipulate, consent, or otherwise waive its objection to subject matter jurisdiction. Neither of these arguments are persuasive.

The Government avers that judicial admissions pertain to facts that one party "is uniquely positioned to know so and concede," so it should not be held to the admission that six months had elapsed because Plaintiffs were equally positioned to know when HHS received the claim.[54] In support, it cites to a Southern District of New York case where a

---

[52] The Government cites to *Walker v. United States*, C.A. No. 11-866-GMS-CJB, 2014 WL 2917084 (D. Del. June 25, 2014), *aff'd*, 616 F. App'x 497 (3d Cir. 2015), where the plaintiff filed an FTCA complaint too early, the Government did not recognize the jurisdictional defect until after the statute of limitations had expired, and yet the district court dismissed the complaint for lack of jurisdiction. That case, as the Government acknowledges, is about equitable relief—there was no judicial admission from the Government regarding the exhaustion period.

[53] *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (citing *Am. Title Ins. Co., v. Lacelaw*, 861 F.2d 224, 227 (9th Cir. 1988)).

[54] Docket 132 at 16. The Government also argues that Plaintiffs were specifically positioned to know that six months had not elapsed and should have raised the issue earlier. However, Plaintiffs maintain that six months did elapse; only the Government holds the position that its admission was incorrect. Plaintiffs are not responsible or positioned to raise the Government's argument on its behalf.

party made no formal concessions or affirmations of fact, but rather made a rout denial of the other party's pleading. The admitting party had no knowledge of the fact that it denied; it was "conclusory and self-serving statements made in routine pleadings by one party about circumstances uniquely known only to the other. . . ."[55]

That case stands for the proposition that a party with no ability to know a fact may not be bound to its denial of that fact.[56] Here, however, the Government was fully positioned to know whether six months had elapsed, and it made an affirmative statement to that end. The Court is not aware of any caselaw that an admission is only binding if the opposing party has no knowledge of the fact.

Next, the Government argues that accepting the admission would be akin to a consent or stipulation to the Court's subject matter jurisdiction.[57] At the same time, the Government acknowledges that a party may admit to a jurisdictional fact.[58] As discussed, this admission may be binding even if the party later argues the jurisdictional fact is false.[59]

---

[55] *Banks v. Yokemick*, 214 F. Supp. 2d 401, 406–07 (S.D.N.Y. 2002).
[56] *But see Greenbaum v. United States,* 360 F. Supp. 784, 786–87 (through its actions, the Government judicially admitted a jurisdictional fact even though it averred in the answer that it lacked sufficient information to admit or deny the fact).
[57] Docket 132 at 16–18. The Government also argues that it cannot waive "the jurisdictional defect" created by Plaintiff's early filing. While this is a correct statement of law, as discussed above, the Court does not find there to be a jurisdictional defect because it accepts as true the admission that six months had elapsed.
[58] Docket 132 at 8.
[59] S*ee Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 977 (9th Cir. 1978) (the court was bound to entertain challenge to subject matter jurisdiction, but challenging party's earlier stipulation to jurisdictional facts had the force of a finding and conferred jurisdiction); *De La Maza v. United States,* 215 F.2d 138, 140 (9th Cir. 1954) (while a party cannot stipulate to jurisdiction, "if jurisdiction herein were an issue to be proved factually, it is well settled that one may stipulate to facts from which jurisdiction may be inferred."); *The Confiscation Cases*, 87 U.S. 92, 108 (1873) ("[W]hile it is true a party cannot, by consent, confer jurisdiction where none would exist without it, it is equally true that when jurisdiction depends upon the existence of a fact, its existence may be shown as well by the confession of a party. . . .").

For example, in *White v. United States*, the district court distinguished between an admission of jurisdiction and an admission of a fact that serves, in part, to establish jurisdiction.[60] There, a party brought suit under the FTCA that a school bus driver negligently drove off the road. In its answer, the Government affirmatively admitted that the driver was an employee of the school (and therefore a federal employee under the FTCA). It then sought to withdraw that admission by amendment. As in the present case, the Government in *White* argued that the court must allow it to withdraw its admission because accepting the contested fact would otherwise allow the parties to stipulate to subject matter jurisdiction.[61]

The court rejected this argument. The challenged admission was not a concession of jurisdiction; rather, "it is an admission of a fact which may, when viewed together with other facts, lead to the legal conclusion that jurisdiction is proper."[62] Here, whether six month had elapsed is just one ingredient in subject matter jurisdiction: it is not

---

[60] *White v. United States*, No. CV-10-08128-PCT-JRG, 2011 WL 6175933, at *3–4 (D. Ariz. Dec. 9, 2011).
[61] *Id.* at *3.
[62] *Id.* at *4 (citing *Ry. Co. v. Ramsey*, 89 U.S. 322, 323 (1874) ("Although consent of the parties to a suit cannot give jurisdiction to the courts of the United States, the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 (4th Cir. 2004) ("While it is axiomatic that consent of parties cannot give the courts of the United States jurisdiction, it is also true that the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.") (internal citation omitted); *United States v. Price*, 8 Fed. App'x. 849, 849 (9th Cir. 2001) ("Although subject matter jurisdiction is generally not a waivable defense, the parties may admit to facts sufficient to confer jurisdiction."); *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986) (observing a "distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish subject matter jurisdiction"); *Verzosa*, 589 F.2d at 975 ("A stipulation of fact has the force of a finding. . . . This is true though the fact is jurisdictional.").

a conclusory statement that exhaustion was satisfied, and does not, by itself, confer jurisdiction.

Last, in considering whether to reject or accept the Government's admission, the Court reiterates its discussion from Part B, *supra*. The significant prejudice to the Ahvakanas and lack of justification provided by the Government weigh against rejecting the admission.

Because the Government specifically admitted that six months had elapsed between HHS receiving Plaintiffs' claims and when Plaintiffs filed their Complaint, the Court accepts this statement as true. As such, Plaintiffs exhausted their administrative remedies, and the Court has subject matter jurisdiction over their claim.

## IV. CONCLUSION

Since there is no jurisdictional defect with Plaintiff's claim, the Court does not address Plaintiff's alternate arguments. For the above reasons, the Government's motion is **DENIED**.

IT IS SO ORDERED this 17th day of February, 2022, at Anchorage, Alaska.

                                          */s/ Joshua M. Kindred*
                                            JOSHUA M. KINDRED
                                            United States District Judge

*Ahvakana v. United States*  Case No. 3:13-cv-00010-JMK
Order Denying Motion to Dismiss  Page 17
Case 3:13-cv-00010-JMK   Document 139   Filed 02/17/22   Page 17 of 17